FILED
CLERK, U.S. DISTRICT COURT

11/15/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___EC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALBERT HERNANDEZ,<br><br>　　　　Defendant. | CR 2:22-cr-00537-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1709: Theft and Embezzlement of Mail by a Postal Service Employee; 18 U.S.C. § 1703(a): Opening and Destruction of Mail by a Postal Service Employee Without Lawful Authority; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1709]

　　On or about December 16, 2021, in Los Angeles County, within the Central District of California, defendant ALBERT HERNANDEZ, an employee of the United States Postal Service, stole, abstracted, and removed an article from the mail, namely, a 1998 Michael Jordan sports card, contained in mail addressed to J.N., in Pacific Palisades, California, which had come into his possession intended to be conveyed by the United States mail.

COUNT TWO

[18 U.S.C. § 1703(a)]

On or about December 16, 2021, in Los Angeles County, within the Central District of California, defendant ALBERT HERNANDEZ, an employee of the United States Postal Service, unlawfully secreted, destroyed, and opened mail entrusted to him, which came into his possession and was intended to be conveyed by the United States mail, namely, a yellow parcel containing a 1998 Michael Jordan sports card, a red envelope, and a yellow package.

COUNT THREE

[18 U.S.C. § 1703(a)]

On or about December 17, 2021, in Los Angeles County, within the Central District of California, defendant ALBERT HERNANDEZ, an employee of the United States Postal Service, unlawfully secreted, destroyed, and opened mail entrusted to him, which came into his possession and was intended to be conveyed by the United States mail, namely, a white parcel containing cards.

COUNT FOUR

[18 U.S.C. § 1703(a)]

On or about December 18, 2021, in Los Angeles County, within the Central District of California, defendant ALBERT HERNANDEZ, an employee of the United States Postal Service, unlawfully secreted, destroyed, and opened mail entrusted to him, which came into his possession and was intended to be conveyed by the United States mail, namely, a white parcel.

COUNT FIVE

[18 U.S.C. § 1708]

On or about February 9, 2022, in Los Angeles County, within the Central District of California, defendant ALBERT HERNANDEZ unlawfully possessed articles contained within the mail that had been stolen and taken from the United States mail, namely, 97 sports cards, all belonging to individuals within Los Angeles County and elsewhere, and at that time and place, defendant HERNANDEZ knew that said articles contained within the mail were stolen.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                            /S/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

KYLE W. KAHAN
Special Assistant United States Attorney
General Crimes Section